## (April 24, 1954.)

In the Matter of NATALIA J. ODELL, Petitioner, against J. RAYMOND McGOVERN, as Comptroller of the State of New York, Respondent.— Motion for reargument denied. Motion for leave to appeal to the Court of Appeals granted, without costs. This court certifies that in its opinion there are questions of law involved which ought to be reviewed by the Court of Appeals. Present — Foster, P. J., Bergan, Coon, Halpern and Imrie, JJ. [See *ante,* p. 585.]

In the Matter of the Claim of MURIEL SABASOWITZ et al., Respondents, against GOLD THEATRE et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— Employer and its insurance carrier have appealed from a decision of the Workmen's Compensation Board awarding death benefits to the widow and minor children of the deceased employee. Decedent was a motion picture operator at employer's theatre. The board found that on December 4, 1950, decedent, lifting a heavy case of movie film while engaged in the regular course of employment, was subjected to strain and exertion, that he felt a pain in his left chest and sustained accidental injuries in the nature of a coronary occlusion causing his death. It was found that he had previously suffered from an underlying cardiovascular disease and that the lifting on that day placed increased effort and strain on such condition and caused the coronary occlusion already mentioned. On the day in question decedent complained to one of the owners saying, " I lifted some film and got a pain in the chest ". His condition deteriorated speedily and he died before the arrival of a doctor. There was conflict of medical testimony as to causal relationship, but there was substantial evidence establishing that the heart attack was brought about by increased effort and strain on the part of the deceased. There was also evidence from which it could be determined that the lifting of cans of film was not the regular work of deceased. Decision and award affirmed, with costs to the Workmen's Compensation Board. Foster, P. J., Bergan, Coon and Imrie, JJ., concur.